# EXHIBIT 3

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
FILED

MAY 04 2018

In the office of the
Court Clerk MARILYN WILLIAMS

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

JAMES RYAN,
      Plaintiff,  )
                  )
vs               )  Case No. CJ-2018-608
                   )
SAFECO INSURANCE COMPANY OF  )
AMERICA                  )
      Defendant.  )

## PETITION

COMES NOW, the Plaintiff, JAMES RYAN, by and through his attorney, Aaron D. Compton, for his cause of action against Defendant he shows the following:

1. Plaintiff is an individual residing in Cleveland County, Oklahoma.

2. Defendant Safeco Insurance Company Of America ("Safeco") is a property and casualty insurance company marketing and providing insurance services in Oklahoma County, Oklahoma. Defendant Safeco is a subsidiary of Liberty Mutual Insurance, which is a domestic Oklahoma corporation.

3. On January 9, 2017, Plaintiff entered into a casualty insurance contract ("Policy") with Safeco for $323,500 in dwelling coverage on his residence located at 2813 SW 138th St., Oklahoma City, OK 73170 ("Residence"), $32,420 in other structures coverage, and $62,100 in personal property coverage. The Policy began February 28, 2017 and expired on February 28, 2018.

4. Jurisdiction and venue are properly before this court.

5. On or about April 25, 2017, Plaintiff's Residence, detached building, fence and outdoor furniture were damaged by hail and wind. Shortly thereafter, Plaintiff discovered that his

property sustained damaged from hail and wind and notified Defendant of the loss. The loss is covered under the terms of the Policy. The Policy was in force when the loss occurred.

## I.

## BREACH OF CONTRACT

6. All allegations and facts stated in this pleading are incorporated herein.

7. The Parties had an insurance contract on the Residence that was in force at the time of the loss. Defendant has breached it's obligations under the Policy. Plaintiff has suffered damages in excess of $60,000.00 as a direct result of Defendant's breach of contract.

8. Plaintiff is entitled to the full value of his claim from Safeco under the terms of the Policy. Safeco refused to pay the value of the loss to which Plaintiff is entitled.

## II.

## BREACH OF INSURERS DUTY OF GOOD FAITH AND FAIR DEALING

9. All allegations and facts stated in this pleading are incorporated herein.

10. Safeco violated it's duty to deal fairly and in good faith with Plaintiff in the settling of Plaintiff's claim.

11. Defendant unreasonably and unfairly denied coverage for Plaintiff's loss and proposes to underpay his claim. Plaintiff's property was substantially damaged by a hail and wind storm. Defendant has denied coverage for all hail and wind damage to Plaintiff's Residence except to patch portions of the roof using inferior non-matching roof shingles. Defendant has failed to properly pay Plaintiff's claim. The list of repairs Defendant proposes to pay only includes coverage for some of the damage Plaintiff sustained to the property. Plaintiff has brought this to the attention of the Defendant but Defendant refuses to increase it's proposed settlement

payment. Defendant now refuses to return Plaintiff's calls and emails and has cut off all communication with Plaintiff.

12. Defendant failed to perform a proper investigation into Plaintiff's claim. Defendant's adjuster examined only the roof and no other areas of the Plaintiff's property. Plaintiff pointed out storm damage to Defendant but Defendant refused to inspect and revise his estimate. Defendant claimed the roof shingles were of a certain age and quality yet refused to conduct further investigation after being presented with evidence contrary to his opinion. Defendant unreasonably relied on a lay opinion as to the age and quality of the roof after being presented with opposing contrary evidence.

13. Defendant made false representations to Plaintiff concerning coverage under the Policy. Defendant's adjuster for the Residence claimed the damage to Plaintiff's property was not caused by hail. Yet, Defendant paid for hail damage to Plaintiff's vehicle that occurred during the same hail storm. Defendant claimed the hail damage was old and was not covered under the Policy.

14. Defendant did not approve or denial Plaintiff's loss in a timely manner.

15. Defendant is unnecessarily delaying issuing payment for Plaintiff's loss.

16. Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlement of claims submitted.

17. Defendant is in possession of documents, communications, and information supporting Plaintiff's claim and shall preserve the same until this action is fully adjudicated.

18. Defendant willfully and maliciously negotiated Plaintiff's claim in bad faith to increase it's own profits.

19. Plaintiff has sustained damages in excess of $60,000 as a direct result of Defendant's behavior.

20. Plaintiff has sustained emotional distress and additional damages as a direct result of Defendant's behavior.

21. Plaintiff seeks recovery of her attorney fees, costs and interest in bringing this action.

WHEREFORE, Plaintiff prays this court for a judgment against Defendant in an amount greater than $60,000.00, plus punitive damages together with attorney's fees and costs, and all other relief this court deems just and equitable under the circumstances.

Respectfully submitted,

AARON D. COMPTON, OBA # 31968
Aaron D. Compton, Attorney at Law, PLLC
4216 N. Portland Ave, Suite 200
Oklahoma City, OK  73112
Telephone (405) 578-4529
Email ADCompton777@gmail.com
ATTORNEY FOR THE PLAINTIFF

**ATTORNEY'S LIEN CLAIMED**