# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES RYAN,

      Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

      Defendant.

Case No. 18-cv-548-F

## AFFIDAVIT OF MICHAEL WILLIAMS

STATE OF OKLAHOMA    )
                                   ) ss:
COUNTY OF OKLAHOMA    )

    I, Michael Williams, being of sound mind and lawful age and upon my oath first duly sworn, depose and state as follows:

    1.    I am currently employed as a Senior Field Claim Resolution Specialist I, Property, with Defendant Safeco Insurance Company of America ("Safeco"). I have been employed with Safeco since 2014. I have personal knowledge of all matters stated herein.

    2.    On June 13, 2017, Plaintiff James Ryan ("Plaintiff") made a claim for insurance benefits with Safeco pursuant to his Safeco homeowners insurance Policy No. OY7087286, to which Safeco assigned claim number 652001066002. Plaintiff claimed that his insured residence had been damaged during a storm that had occurred on April 25, 2017.

3. On or about June 14, 2017, Safeco assigned me as the adjuster for Plaintiff's claim number 652001066002.

4. Attached to Safeco's Motion for Summary Judgment as Exhibit 2 are certain documents from Safeco's claim file for claim number 652001066002. These documents are true and correct copies of Safeco's claim file documents maintained in the ordinary course of Safeco's business.

5. Attached to Safeco's Motion for Summary Judgment as Exhibit 1 is Plaintiff's Policy No. OY7087286 with Safeco. This document is a true and correct copy of Plaintiff's Policy with Safeco, maintained in the ordinary course of Safeco's business.

6. On or about June 16, 2017, I inspected Plaintiff's residence. Also present at the inspection were Plaintiff, his contractor Noah, with American Standard, and a representative of Hancock Roofing and Construction, LLC ("Hancock"), who provided a ladder assist.

7. On June 16, 2017, I compiled an estimate to repair the damage to the exterior of Plaintiff's home, including repairs to the roof, in the total amount of $8,605.34.

8. On June 16, 2017, I sent Plaintiff a letter explaining the payment for the exterior repairs and enclosing a payment check. Once recoverable depreciation of $2,338.32 and Plaintiff's Policy deductible of $3,025.02 were deducted from my total estimate of $8,605.34, the total net payment to Plaintiff was $3,025.02.

9. In the June 16, 2017 letter, I also explained that Safeco was unable to pay for a portion of Plaintiff's claim because his Policy did not provide coverage for part of the loss. Safeco's reasons for this partial denial were as follows:

2

> As you are aware, this claim arises from storm damage to your residence. Our investigation revealed that a portion of the shingles on your roof were improperly installed by being over-driven and the interior leaking was the result of a long-term leak. Your SAFECO HOMEOWNERS POLICY (HOM-7030EP 1/09), BUILDING PROPERTY LOSSES WE DO NOT COVER section states in part:
>
> We do not cover loss caused directly or indirectly by any of the following excluded perils. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> 5. continuous or repeated seepage or leakage of water or steam, or the presence of condensation of humidity, moisture or vapor which occurs over a period of weeks, months or years.
>
> 18. Planning, Construction, or Maintenance, meaning faulty, inadequate or defective:
> a. planning, zoning, development, surveying, siting;
> b. design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c. materials used in repair, construction, renovation or remodeling; or
> d. maintenance;
> of property whether on or off the insured location by any person or organization. However, any ensuing loss not excluded is covered.

Exhibit 2 to Safeco's Motion for Summary Judgment, Claim File, at SAFECO_332-334.

10. I further explained in the June 16, 2017 letter that according to the terms and conditions of Plaintiff's Policy referenced above in BUILDING PROPERTY LOSSES WE DO NOT COVER that Safeco was unable to provide any coverage for improperly installed shingles or interior leaking. Exhibit 2 to Safeco's Motion for Summary Judgment, Claim File, at SAFECO_332-334.

11. On October 18, 2017, I received a facsimile from Kent Edwards ("Edwards") with K.E. Edwards, Inc., indicating that Plaintiff had retained him as a public adjuster.

12. Mr. Edwards subsequently advised me of his belief that Plaintiff's roof shingle was a 50-year shingle that was no longer manufactured and requested that I re-inspect Plaintiff's roof.

13. I agreed to re-inspect Plaintiff's roof to confirm the quality of the shingles.

14. On December 19, 2017, I arrived at Plaintiff's residence to re-inspect the roof. Also present were a representative from Hancock, Blake, who provided a ladder assist, and Plaintiff's public adjuster, Edwards.

15. At the outset of the inspection, Edwards told Blake with Hancock to measure a particular shingle on the gable end of the roof, and was insistent that this particular shingle be measured. I advised Edwards that Hancock would measure shingles on all four slopes and would randomly choose shingles since all shingles would be the same quality.

16. Edwards became upset at my decision to randomly choose which shingles to gauge.

17. Blake with Hancock placed his ladder at the valley for safe access to the roof. Edwards chose to move Hancock's ladder from the safe access point so he could utilize the valley for access. Both Blake and I repeatedly asked Edwards not to touch Hancock's ladder.

18. Due to Edwards moving the ladder away from safe access to the roof, Blake with Hancock terminated the inspection because he was placed in unsafe working conditions by Edwards.

19. I advised Edwards that my prior inspection photographs and report showed 40-year shingles, not 50-year shingles, so the issue was resolved.

20. In its ongoing adjustment of the claim, Safeco has also issued payment to Plaintiff in the amount of $269.84 for damaged contents, specifically, a Rubbermaid outdoor shed and an outdoor storage box.

FURTHER AFFIANT SAYETH NAUGHT

_____
Michael Williams

SUBSCRIBED AND SWORN to before me this 3 day of Dec 2018.

_____
Dena Biffle
Notary Public

My Commission expires: 5/1/22

3781231.1:003439:00039