IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CIV-18-548-F |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is Defendant Safeco Insurance Company of America's Motion for Summary Judgment, filed December 3, 2018. Doc. no. 23. Plaintiff, James Ryan, has opposed the motion and defendant has replied. Upon review of the parties' submissions, the court makes its determination.

I.

Plaintiff, James Ryan ("Ryan"), commenced this action in the District Court of Cleveland County, State of Oklahoma. Defendant, Safeco Insurance Company of America ("Safeco"), removed the action to this court based upon the existence of diversity jurisdiction, 28 U.S.C. § 1332. In his petition, Ryan alleged that Safeco breached the parties' insurance contract by failing to pay him for certain residential losses caused by an April 25, 2017 hail and wind storm. He also alleged that defendant breached the implied duty of good faith and fair dealing in the settling of plaintiff's insurance claim. Ryan requested relief in the form of damages, including punitive damages.

Safeco now moves for summary judgment on both of Ryan's state law claims and his request for punitive damages.

## II.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P.  In deciding whether summary judgment is appropriate, the court does not weigh the evidence and determine the truth of the matter asserted, but only determines whether there is a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.  A fact is "material" if under the substantive law it is essential to the proper disposition of the claim. Id.  In adjudicating a motion for summary judgment, the court views the evidence and draws all reasonable inferences therefrom in the light most favorable to the nonmoving party.  McGehee v. Forest Oil Corporation, 908 F.3d 619, 624 (10th Cir. 2018).

As this is a diversity jurisdiction case, the court applies Oklahoma substantive law as to Ryan's claims.  McGehee, 908 F.3d at 624.

## III.

To recover on his breach of contract claim, Ryan must prove (1) formation of a contract; (2) breach of contract; and (3) damages as a direct result of the breach. Digital Design Group, Inc. v. Information Builders, Inc., 24 P.3d 834, 843 (Okla. 2001).  Ryan claims that the hail and wind storm damaged the roof of his residence and caused interior water damage to the residence.  With respect to the former, Ryan claims that he is entitled to have the roof fully replaced because the roof shingle is a 50-year shingle and that shingle is no longer available.  Ryan claims that Safeco breached the contract by not paying for full replacement of the roof.  As to the latter, Ryan claims the damage to his roof led to the interior water damage.

Safeco argues that the undisputed evidence shows that Ryan's roof is a 40-year shingle and the roof could be repaired rather than replaced. Safeco asserts that after deductions for recoverable depreciation and Ryan's deductible, it paid Ryan $3,025.02 to repair the roof. According to Safeco, Ryan has no evidence that he was entitled to a full roof replacement. Safeco acknowledges that Ryan, in his response, proffers an affidavit from his public adjuster, Kent Edwards, to support his claim, but contends that Mr. Edwards' affidavit is conclusory, self-serving and improper. Safeco points out that the court has specifically precluded Mr. Edwards from giving Rule 702 expert or opinion testimony in response to its motion.

The court concludes that Mr. Edwards' affidavit testimony sufficiently raises a genuine issue of material fact as to whether Ryan is entitled to full replacement of the roof. Although the court has ruled that Mr. Edwards is not permitted to give Rule 702 expert or opinion testimony, the court has also ruled that he may give fact testimony as to his physical observations. *See*, Courtroom Minute Sheet (doc. no. 32). Mr. Edwards, based upon his investigation, avers that Ryan's roof is a 50-year shingle. He also avers that the shingle is no longer in production. Further, he avers that the roof sustained damages that a patch job could not adequately repair. *See*, Affidavit of Kent Edwards, doc. no. 30-1, ¶¶ 4, 7, 8. The court concludes that this testimony, believed by a reasonable jury, supports a finding that Safeco breached the contract by not paying for full replacement of the roof.

In its papers, Safeco argues that under the insurance contract, Ryan had a duty to cooperate with Safeco. Because of Mr. Edwards' interference with a re-inspection of Ryan's roof, Safeco contends that Ryan materially breached the insurance contract and thus is not entitled to recover damages to fully replace his roof. An insured's failure to cooperate is an affirmative defense in a breach of contract action against the insurer for payment under the policy. *See*, First Bank of Turley v. Fid. & Deposit Ins. Co., 928 P.2d 298, 304 n. 21 (Okla. 1996); *see also*, O'Neill v. Long,

54 P.3d 109, 116 n. 11 (Okla. 2002).  In addition to establishing a failure to cooperate, the insurer must show the insured's conduct "was prejudicial to its interest."  O'Neil, 54 P.3d at 116 n. 11.  In the case at bar, the court finds that Safeco has not shown that Mr. Edwards' conduct was prejudicial to its interest.  The court therefore concludes that Safeco is not entitled to summary judgment on Ryan's breach of contract claim based upon a failure to fully replace the roof.  This, of course, does not preclude Safeco from relying on failure to cooperate as a defense at trial.

With respect to the interior water issue, the court finds that Ryan cannot rely upon Mr. Edwards' affidavit testimony to raise a genuine issue of material fact.  In his affidavit, Mr. Edwards opines that interior water damage was caused by the roof damage.  *See*, Affidavit of Kent Edwards, doc. no. 30-1, ¶ 15.  This opinion testimony clearly falls under Rule 702.  Ryan has not proffered any other evidence to raise a genuine issue of material fact that the interior water damage was caused by roof damage rather than by improperly installed shingles.[1]  The court therefore concludes that Safeco is entitled to summary judgment on the breach of contract claim based upon the failure to pay for the interior water damage.

IV.

In Christian v. American Home Assurance Company, 577 P.2d 899 (Okla. 1977), the Oklahoma Supreme Court adopted "the rule that an insurer has an implied duty to deal fairly and to act in good faith with its insured."  *Id*. at 904.  "[T]he violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages, may be sought."  *Id*.  However, the Oklahoma

---

[1] The insurance contract excludes coverage of loss caused by "continuous or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture or vapor which occurs over a period of weeks, months or years."  It also excludes coverage of loss caused by "Planning, Construction, or Maintenance . . . of property whether on or off the ***insured location*** by any person or organization."  Ex. 1 to doc. no. 23, ECF p. 15, ¶ 5 and ECF p. 17, ¶ 18.

Supreme Court did not hold that an insurer breaches the duty merely by litigating a claim.  The Court recognized that there could be disagreements between insurer and insured on a variety of matters.  Instead, the Court determined that tort liability is to be imposed only upon a clear showing "that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured."  *Id.* at 905.

Upon review, the court finds that summary judgment is appropriate for Ryan's claim for breach of the implied duty of good faith and fair dealing.  Ryan has not presented any evidence to raise a genuine issue of material fact that Safeco acted unreasonably and in bad faith in the handling of his insurance claim.  Ryan has submitted Mr. Edwards' affidavit to overcome summary judgment.  However, as previously discussed, this court has precluded Mr. Edwards from offering any Rule 702 expert or opinion testimony.  With his affidavit, Mr. Edwards has specifically proffered opinions that (1) Safeco's determination that the roof is a 40-year shingle is unreasonable and deviates from the industry norms; (2) Safeco deviated from industry standards in claiming that the roof could be properly patched; (3) Safeco did not conduct a proper investigation into Ryan's loss and ignored evidence it did not find favorable; (4) Safeco violated the insurance policy and the Oklahoma Fair Claims Settlement Practices Act by issuing a low ball payment for the claim, ignoring contract evidence regarding the age of the roof, using individuals to perform inspections who did not hold an Oklahoma license, offering to pay for a patch job to the roof and paying for lower quality shingles, and (5) Mr. Sean Wiley's estimate, which he provided to Safeco, completely and accurately states the scope and value of the loss.  *See*, Affidavit of Kent Edwards, doc. no. 30-1, ¶¶ 10-14.  However, for the reasons previously stated, those opinions cannot be considered.  Because Ryan has not proffered any other evidence to raise a genuine issue of material fact that Safeco acted unreasonably and in bad faith in handling Ryan's

claim, the court concludes that Safeco is entitled to summary judgment on the claim for breach of the implied duty of good faith and fair dealing.

V.

Because the court finds summary judgment on the claim for breach of the implied duty of good faith and fair dealing is appropriate, the court likewise concludes that summary judgment is appropriate on the request for punitive damages for that claim. *See*, Okla. Stat. tit. 23, § 9.1.

VI.

Based upon the foregoing, Defendant Safeco Insurance Company of America's Motion for Summary Judgment (doc. no. 23) is **GRANTED in part** and **DENIED in part**. Plaintiff, James Ryan's breach of contract claim for failure to fully replace his roof is the only claim which remains for jury trial.

IT IS SO ORDERED this 9th day of January, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0548p004.docx